UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA AFIFI,<br>          Plaintiff,<br>v.<br>AAPT CONSTRUCTION, et al.,<br>          Defendants. | Case No. 25-cv-06972-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS**<br><br>Re: Dkt. Nos. 1, 2 |

On August 18, 2025, Plaintiff Sabrina Afifi filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. Upon review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court finds that there is no subject matter jurisdiction over the case. Accordingly, the Court REASSIGNS the case to a district judge and RECOMMENDS that the case be DISMISSED for lack of subject matter jurisdiction.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

1    A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2)
2    parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,
3    1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the
4    defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the
5    complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to
6    afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.
7    2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be
8    given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the
9    complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th
10   Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-
11   31 (9th Cir. 2000).

## II.   DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff brings only state claims against Defendants AAPT Construction and Stanley Chiang, and thus asserts diversity jurisdiction. (Compl. at 1, Dkt. No. 1.) Plaintiff asserts that she is a California citizen, and that "[u]pon information and belief, Defendants are domiciled and/or

incorporated outside the State of California, or operate in a manner that satisfies diversity under federal law." (Compl. at 1.) Plaintiff also asserts that the amount in controversy exceeds $75,000. (Compl. at 1, 10.)

The Court finds that Plaintiff has failed to allege any facts that would suggest diversity in citizenship between the parties. *See Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("It is the settled doctrine of this court that, in cases where the jurisdiction of the Federal courts depends upon the citizenship of the parties, the facts, essential to support that jurisdiction, must appear somewhere in the record.") Indeed, the facts pled do not provide any suggestion that Defendants reside or operate outside of this state; the only facts pled are that Defendant Chiang, on behalf of Defendant AAPT Construction, entered Plaintiff's residence in Oakland, California under false pretenses by claiming that he was there to assess and repair electrical deficiencies. (Compl. at 3-4.) Further, the proposed summons by Plaintiff state that both Defendants are located in San Francisco, California. (Dkt. No. 3.) This is confirmed by Defendant AAPT Construction's Statement of Information, which can be found on the California Secretary of State website.[1] Specifically, the Statement of Interest states that Defendant AAPT Construction is incorporated in California and operates at the same San Francisco address listed in Plaintiff's summons. The Statement of Information also states that Defendant Chiang is the sole director, CEO, secretary, CFO, and agent for service of process, and is located at the same San Francisco address listed in Plaintiff's summons. Thus, it appears that there is no diversity of citizenship, such that amendment would be futile.

Additionally, the Court notes its skepticism that Plaintiff has met the $75,000 threshold. Plaintiff asserts that Defendant Chiang made misrepresentations to enter her residence, and then falsely accused Plaintiff of having engaged in intimidatory and violent conduct. (Compl. at 4.)

---

[1] Courts may take judicial notice of filings with the California Secretary of state, as they are matters of public record. *See Johnson v. Ford Motor Co.*, No. 23-cv-1375-PCP, 2023 U.S. Dist. LEXIS 222994, at *5 (N.D. Cal. Dec. 14, 2023) (taking judicial notice of the defendant's statement of information; *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 823 (N.D. Cal. Aug. 30, 2016) (same).

3

1  Based on that, Plaintiff alleges "an amount exceeding $75,000" in general damages for emotional

2  distress, reputational harm, and interference with habitability and quiet enjoyment. (Compl. at

3  10.) Plaintiff alleges no facts that would support this calculation, such that the Court can find it

4  plausible.

5        Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915

6  review.

### III. CONCLUSION

8        For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient

9  under 28 U.S.C. § 1915(e)(2). As amendment of the allegations regarding diversity jurisdiction

10  appears to be futile, the Court RECOMMENDS that the case be dismissed without prejudice for

11  lack of subject matter jurisdiction.

12        Any party may file objections to this report and recommendation with the district judge

13  within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.

14  Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may

15  waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Control*

16  *Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

17        Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a

18  free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the

19  Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in

20  determining whether there are viable claims, and how to properly plead them.

21        Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants

22  in presenting their case. This manual, and other free information for pro se litigants, is available

23  online at: https://cand.uscourts.gov/pro-se-litigants/.

24        IT IS SO ORDERED.

25  Dated: September 23, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4